UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BUSINESS PROPERTY LENDING, INC.,

Plaintiff,

v.

Case No. 3:18-cv-02227-JPG-MAB

ADVENTURE 2000, LLC, *et al.*,

Defendants.

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Business Property Lending, Inc. originally filed this action in state court seeking damages related to a loan, along with a mortgage foreclosure of the relevant real property. (ECF No. 1-1.) One of the defendants—Advanced Stores Company Incorporated—then removed the action to this Court pursuant to 28 U.S.C. § 1441(b), claiming that there existed a diversity of citizenship in this case under 28 U.S.C. § 1446(c). (ECF No. 1.)

The plaintiff has now moved to sever Count I of their complaint—specifically, the mortgage foreclosure claim—and remand it to state court. The removing defendant has consented to the motion (ECF No. 15), and the other set of defendants did not respond at all. The Court considers that failure to respond as an admission of the merits of the motion pursuant to Local Rule 7.1(c), but even so, the motion to sever and remand prevails on the merits regardless.

The mortgage foreclosure action at-issue includes unknown owners and non-record claimants—commonly known as "John Doe" defendants—pursuant to Illinois law. 735 ILCS 5/15-1501; *see also* 735 ILCS 5/2-413, 735 ILCS 5/15-1502. That is a big problem: "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell by*

1

*Goerdt v. Tribune Ent'm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997). A holding to the contrary would violate the centuries-old mandate in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), which commands that complete diversity—which means that no party on one side of the case may be a citizen of the same state as any defendant on the other side of the battle—must exist for this Court to invoke subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1446(c).

This case mirrors one from Judge Shadur in the Northern District of Illinois from 1983. *John Hancock Mut. Life Ins. Co. v. Cent. Nat. Bank in Chicago*, 555 F. Supp. 1026 (N.D. Ill. 1983). And that case has since become the seminal authority on this issue amongst federal district courts in Illinois. *See, e.g., Home Sav. of Am., F.A. v. Am. Nat. Bank & Tr. Co. of Chicago,* 762 F. Supp. 240 (N.D. Ill. 1991); *Wells Fargo Bank, N.A. v. Kelley*, 471 F. Supp. 2d 899 (N.D. Ill. 2007); *First Bank v. Tamarack Woods, LLC*, No. 13-CV-00058-WDS, 2013 WL 5436373 (S.D. Ill. Sept. 30, 2013). This Court now joins that chorus and holds the same. So for the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion for Partial Remand and to Sever (ECF No. 14), **SEVERS** Count I from the complaint pursuant to 28 U.S.C. § 1441(a)(2), and **REMANDS** Count I of the complaint **ONLY** to the St. Clair County Circuit Court for further adjudication.

**IT IS SO ORDERED.**

**DATED: MARCH 21, 2019**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**