# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BUSINESS PROPERTY LENDING, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVENTURE 2000, LLC, *et al.*, <br><br> Defendants. | Case No. 3:18-cv-02227-JPG-MAB |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Defendants Adventure 2000, LLC and Carlyle Properties—which the parties treat as alter egos of each other—were the landlords of a commercial property. Their tenant was defendant Advance Auto Parts. (Compl. ¶ 5, ECF No. 1-1.) The parties had a 15-year lease agreement that required monthly payments, as you would expect. But two years after Adventure 2000 became the landlord of the property, they decided to take out a mortgage on it worth $1,227,500. (*Id.* at ¶¶ 2–3.) Plaintiff Business Property Lending, Inc.—hereinafter the "Lending Company"—was the lender. And given the importance of Advance Auto Parts remaining as a tenant at the property, the mortgage also included a provision that prohibited Adventure 2000 from terminating the store's lease without permission from the Lending Company—and a violation of that provision counts as a default under the mortgage. (*Id.* at ¶ 3.) This mortgage is the first contract at issue in this case.

There is a second contract here as well. In connection with the mortgage, the Lending Company, Adventure 2000, and Advance Auto Parts all signed an agreement that formally subordinated the lease to the mortgage. (*Id.* at ¶ 9.) This contract also contains a specific provision that reads: "[Advance Auto Parts] shall not pay the rent or any other sums becoming due under the [l]ease more than one (1) month in advance without the prior written consent of [the Lending

1

Company]." (ECF No. 1-1, p. 137.)

Adventure 2000 ended up defaulting on its monthly payments under the mortgage, making the Lending Company entitled to receive rents directly from Advance Auto Parts pursuant to the two contracts at issue. But instead, Adventure 2000 and Advance Auto Parts quickly signed a new contract—without the knowledge of the Lending Company—wherein Advance Auto Parts agreed to pay Adventure 2000/Caryle Properties $352,250 to end the lease early. (*Id*. at pp. 150–52.) This contract is specifically titled "Lease Termination Agreement." (*Id.* at 150.) It also explains that the $352,250 payment was "in full satisfaction of any and all monetary obligations due by [Advance Auto Parts] under the Lease as of the Termination Date."

Unsurprisingly, the Lending Company then sued Adventure 2000 and Advance Auto Parts in state court for breach of contract and civil conspiracy, along with a foreclosure claim on the property. Advance Auto Parts then removed the case to this Court under a theory of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(c). The Court later severed and remanded the foreclosure claim back to state court, but the breach of contract and civil conspiracy claims remain. Advance Auto Parts has now moved to dismiss them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly.*, 550 U.S. at 556). And as always when reviewing one of these types of motions, the Court must accept as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555 (2007)).

Here, the Lending Company certainly alleges enough to survive the motion to dismiss. To state a claim for breach of contract, the Lending Company must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the [Lending Company]; (3) breach of contract by [Advance Auto Parts]; and (4) resultant injury to the [Lending Company]." *Avila v. CitiMortgage, Inc*., 801 F.3d 777, 786 (7th Cir. 2015) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co*., 351 Ill.App.3d 752, 286 Ill.Dec. 734, 814 N.E.2d 960, 967 (2004)). And in this case, the Lending Company's breach of contract theory against Advance Auto Parts is predicated on the contract that (1) subordinated the lease to the mortgage, and (2) reads that "[Advance Auto Parts] shall not pay the rent or **any other sums becoming due under the [l]ease** more than one (1) month in advance without the prior written consent of [the Lending Company]." The Lending Company says that Advance Auto Parts breached that contract by executing the lease termination agreement with Adventure 2000/Carlyle Properties, in which Advance paid about $350,000 "in full satisfaction **of any and all monetary obligations due by [Advance Auto Parts] under the Lease**…."

One of the central features of contract cases is that the attorneys are forced to split hairs regarding the terms in a contract, and that is what happens here. Advance Auto Parts said that their $350,000 payment did not breach their contract with the Lending Company because the $350,000 was "in the nature of liquidated damages" rather than payment of rental income—and they further

argue that their contract with the Lending Company was only about rental income. That argument is antithetical to the plain text of both the contract at-issue as well as the lease termination agreement. The contract at-issue states that "[Advance Auto Parts] shall not pay the rent or **any other sums becoming due under the [l]ease**" without the Lending Company's prior approval. And the lease termination agreement specifically instructs that the $350,000 payment was "in full satisfaction **of any and all monetary obligations due by [Advance Auto Parts] under the Lease**." Crafty attorneys sometimes try to evade contractual obligations by drafting carefully-sharpened clauses in subsequent contracts, but here, Advance Auto Parts fell on their own sword by stating in the lease termination agreement that it was in payment of their "monetary obligations…under the lease"—even though their prior contract with the Lending Company expressly forbids Advance Auto Parts from paying sums "under the lease" without the approval of the Lending Company.

And Advance Auto Parts has not made any compelling arguments to the contrary. They start by saying that "parties to contracts are best served by rulings enforcing the express terms of agreements into which they enter." *ADM All. Nutrition, Inc. v. SGA Pharm Lab, Inc*., 877 F.3d 742, 749 (7th Cir. 2017). The Court certainly agrees, hence the above analysis on the express terms of the contracts that Advance Auto Parts signed onto. Advance Auto Parts also cited to a few cases that say that termination fees and monthly rent are generally treated differently—*see Businessland Rents, Inc. v. Brian Bros*., 1991 WL 249679, at *8 (N.D. Ill. Nov. 14, 1991); *St. George Chicago, Inc. v. George J. Murges & Assocs., Ltd*., 296 Ill. App. 3d 285, 290, 695 N.E.2d 503, 507 (Il. 1998)—but that does not change anything here, where the contract at-issue reached both the rent and "any other sums becoming due under the lease," such as a lease termination agreement that expressly states that it is in payment of "monetary obligations…under the lease."

Advance Auto Parts also argues that the Court should dismiss the civil conspiracy claim—specifically because civil conspiracy claims predicated on a breach of a contract must include at least one co-conspirator who is not a party to the contract, but still "has induced [a real party to the contract] to breach his contract resulting in actual damage." *Blivas v. Klein*, 5 Ill.App.3d 280, 282 N.E.2d 210, 213 (Il. 1972). Advance Auto Parts says that since the three parties to the second contract that subordinated the lease to the mortgage were themselves, the Lending Company, and Adventure 2000/Carlyle Properties, then there are no non-party co-conspirators here who would make the Lending Company's civil conspiracy claim valid. But this argument ignores the fact that the civil conspiracy claim is also predicated on the mortgage itself—to which Advance Auto Parts is not a party. (Compl. ¶ 80, ECF No. 1-1.) Since the Lending Company's theory is that Advance Auto Parts induced Adventure 2000/Carlyle Properties to breach the mortgage via the lease termination agreement, the claim certainly passes muster at the Rule 12(b)(6) stage.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Advance Auto Parts's motion to dismiss. (ECF No. 22.)

**IT IS SO ORDERED.**

**DATED: APRIL 25, 2019**

                                             *s/ J. Phil Gilbert*
                                             **J. PHIL GILBERT**
                                             **U.S. DISTRICT JUDGE**