# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BUSINESS PROPERTY LENDING, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-2227-SMY |
| ADVENTURE 2000, LLC, CARLYLE PROPERTIES, LLC, ADVANCE STORES COMPANY INCORPORATED, and JOHN SPAAR, | ) ) ) ) ) |
| Defendants; | ) ) |
| AND | ) ) |
| ADVANCE STORES COMPANY INCORPORATED, | ) ) ) |
| Cross Claimant, | ) ) |
| vs. | ) ) |
| CARLYLE PROPERTIES, LLC and JOHN SPAAR, | ) ) ) |
| Cross Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Business Property Lending, Inc. ("BPL") filed suit on October 25, 2018 in the Circuit Court of St. Clair County, Illinois seeking to foreclose the mortgage on property located in St. Clair County (Doc. 1-1). The case was subsequently removed to this Court on December 28, 2018 (Doc. 1).

According to the Complaint (Doc. 1-1), the property at issue was purchased and mortgaged by Defendant Adventure 2000, LLC ("Adventure"), subsequently transferred to Defendant Carlyle Properties, LLC. ("Carlyle") and then leased to Defendant Advance Stores Company Incorporated

("ASCI") which operated an Advance Auto Parts retail store on the site.  Plaintiff alleges that Defendant John Spaar is the alter ego of both Adventure and Carlyle and that the mortgaged property was fraudulently transferred between the two limited liability companies.  Plaintiff further alleges that ASCI wrongfully terminated its lease agreement and breached a Subordination, Non-disturbance and Atonement Agreement by, in part, tendering its final lease/termination payment to Carlyle only.  Count I, asserting a foreclosure action, was remanded to state court on March 21, 2019 (Doc. 35).  The remaining Counts, asserting claims for alter ego (Count II), fraudulent conveyance of real property (Count III), breach of contract (Counts IV and V), fraudulent conveyance of termination fee (Count VI), conversion (Count VII), civil conspiracy (Count VIII), and constructive trust (Count IX) remain pending in this Court.

Defendants Adventure, Carlyle, and John Spaar are currently proceeding *pro se*; their attorney, David Alan Newby, having been granted leave to withdraw on June 13, 2019 (Doc. 53).  Spaar filed for bankruptcy (Doc. 61) and as a result, the proceedings in this case are automatically stayed as to the claims against him pursuant to 11 U.S.C. § 362 (Doc. 68).[1]  Mail sent to Carlyle and Adventure has been returned to the Court as "undeliverable" (Docs. 57, 58, 85, 91, 92, 95, 96, 99, 100).

Now pending before the Court are Plaintiff's Motion to Dismiss Spaar (Doc. 62), Motion to Dismiss Count VIII (Doc. 63), and Motion to Dismiss Carlyle (Doc. 82) pursuant to Federal Rule of Civil Procedure 41(a)(2).  Only Defendant ASCI has responded to the Motions to Dismiss Carlyle and Spaar.[2]

---

[1] In response to the Notice of Bankruptcy, Plaintiff sought to dismiss Defendant Spaar without prejudice (Doc. 62) to which ASCI responded (Docs. 64 and 76).  Senior District Judge J. Phil Gilbert, to whom this matter was originally assigned, entered the bankruptcy stay and took the motion to dismiss under advisement (Doc. 68).
[2] From CM/ECF, it appears that ASCI responded to Plaintiff's Motion to Dismiss Count VIII (Doc. 76).  However, the response is directed instead to Plaintiff's Motion to Dismiss Defendant Spaar (Doc. 62).

A plain reading of Rule 41(a) suggests that dismissal under this Rule is proper only to dismiss an entire action (rather than a particular claim against a particular defendant). *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (Rule 41(a) is "limited to dismissal of an entire action" and Rule 15(a) is the proper vehicle for "adding or dropping parties and claims"). Plaintiff must therefore file an amended complaint consistent with Rule 15 in order to drop Count VIII, which it now believes has no basis in fact.

As to Carlyle and Spaar, Plaintiff seeks dismissal without prejudice but offers no argument as to why Carlyle and Spaar should be dismissed other than the fact of their bankruptcy. ASCI opposes dismissal because it has asserted cross-claims against both Carlyle and Spaar for defense and indemnification. There being no justification for the piecemeal dismissal of Carlyle or Spaar, Plaintiff's Motions requesting the same are **DENIED** (Docs. 62 and 82). That said, because the filing of a bankruptcy petition automatically stays actions as to the debtor until the bankruptcy is discharged (11 U.S.C. §362), all proceedings in this case are **STAYED** as to Carlyle in addition to Spaar.

## Conclusion

For the foregoing reasons, the Motion to Dismiss Spaar is **DENIED** (Doc. 62), the Motion to Dismiss Count VII is **DENIED without prejudice** (Doc. 63), and the Motion to Dismiss Carlyle is **DENIED** (Doc. 82). Further, Plaintiff is **DIRECTED** to file a status report on April 10, 2020, and every six months thereafter, informing the Court of the status of Spaar's and Carlyle's bankruptcy proceedings.

**IT IS SO ORDERED.**

**DATED: March 10, 2020**

**STACI M. YANDLE**
**United States District Judge**